**FLEMING, Adm'r, Office of Temporary Controls, v. DORSEY.**

**No. 6163.**

District Court, E. D. Pennsylvania.

July 2, 1947.

George T. Guarnieri and Conrad Moffett, both of Philadelphia, Pa., for plaintiff.

Thomas Boylan, of Philadelphia, Pa., for defendant.

BARD, District Judge.

Upon consideration of plaintiff's motion for summary judgment, the Court, after reading the allegations of the complaint and the defendant's answers thereto, is of the opinion that the pleadings conclusively establish that the defendant has committed violations of the Emergency Price Control Act of 1942, as amended.[1]

█ The complaint alleges, and the defendant does not deny, that on June 18, 1945, the Area Rent Director issued retroactive orders decreasing the maximum legal rent for two different apartments located at 646 North 40th Street, Philadelphia, Pennsylvania. It appears from the pleadings that the defendant was the nominal lessee of these premises, inasmuch as the owner refused to accept the defendant's son as a lessee because of the imminence of the latter's entry into the armed forces. It further appears that the defendant's son sublet the two apartments in question, and

---

[1] 56 Stat. 33, 34, § 205(e), 58 Stat. 640, § 108(b), 60 Stat. 676, § 12(a), 50 U.S.C.A.Appendix, § 925(e).

that the defendant collected the rents therefor as agent for his son.

The complaint further alleges that the defendant has refused to make refund to the tenants of the amounts due them under the Area Rent Director's retroactive order, which amounts total $249. Defendant does not deny the failure to make such refunds. Therefore, he must be held to have committed a violation of the Emergency Price Control Act of 1942, supra.

The defendant's answer pleads certain matters which, although they do not constitute a defense to the present action, might be considered in mitigation of damages. The Court feels that the discretion vested in it in assessing damages, under Section 205(e) of the Act, may best be exercised after the Court has had an opportunity to consider evidence relating to the question of damages.

Judgment may be entered for the plaintiff, provided, however, that the case may proceed to trial, limited to the issue of the amount of damages recoverable by plaintiff from defendant.